








```
AV1    4/23/03    10:34
3:03-M -00973    USA V. GONZALEZ
*1*
*CRCMP.*
```

FILED

UNITED STATES DISTRICT COURT

03 APR 23 AM 10:18

SOUTHERN DISTRICT OF CALIFORNIA

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Mag. Case No. '03 mg 0973 |
| Plaintiff, | ) COMPLAINT FOR VIOLATION OF |
| v. | ) Title 8, U.S.C., Section 1324 |
| GONZALEZ, Jesus | ) (a)(2)(B)(iii)- |
| | ) Bringing in Illegal Aliens |
| | ) Without Presentation |
| Defendant. | ) |

The undersigned complainant being duly sworn states:

On or about **April 22, 2003**, within the Southern District of California, defendant(s) **Jesus GONZALEZ**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien(s), namely, **J.M.M.C.**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE,

THIS 23rd DAY OF APRIL 2003.

_____
MAGISTRATE JUDGE

## *PROBABLE CAUSE STATEMENT*

The complaint states that a minor fifteen year old male (J.M.M.C) is a citizen of a country other that the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and that he is a material witness in relation to this charge and should be held or admitted to bail as prescribed in Title 8, United States Code, Section 3144.

And the complainant further states the Officer's reports, evidence presented and statements made by the defendant show that the defendant attempted to smuggle into the United States, from Mexico, one person concealed behind the back rear seat of the conveyance he was driving.

On April 22, 2003 at approximately 11:55 AM, defendant Jesus Gonzalez made application for admission into the United States driving a Buick Regal bearing California plate "2CSR974" through the Otay Mesa Port of Entry. Defendant presented himself for inspection and declared himself a United States citizen before Bureau of Customs and Border Protection (BCBP) Inspector Ishmael Selga. Defendant gave a negative Customs declaration and stated that he was the owner of the vehicle. Inspector Selga asked the defendant to open the trunk and noticed defendant's hands were shaking as he handed him the keys. Inspector Selga opened the trunk and noticed a large speaker box in the rear area of the trunk. Inspector Selga attempted to move the speaker but was unsuccessful. Inspector Selga elected to refer the defendant and vehicle into secondary for further inspection.

In secondary, Bureau of Customs and Border Protection (BCBP) Inspector Vincent Dilay conducted a cursory examination of the vehicle. Inspector Dilay discovered a modified hidden compartment behind the speaker box and the rear back seat of the vehicle. Inspector Dilay tried to pull the large speaker box out of the trunk but was unable to do so. Inspector Dilay gained access to the modified compartment by entering the rear side of the vehicle. Inspector Dilay attempted to remove the rear seat of the vehicle with the assistance of Bureau of Customs and Border Protection (BCBP) Inspector Jose Gonzalez. Inspector Dilay noticed metal plates on each side of the backrest of the seat that was bolted down to the vehicle with 2-inch bolts. Inspector Dilay removed the bolts with the wrench that was found in the glove box of the vehicle. Inspector Dilay and Inspector Gonzalez both removed the rear seat of the vehicle that revealed one human being, now identified as material witness (J.M.M.C.), material witness was extracted and escorted to the secondary office.

The concealment area was examined and photographed. The compartment was constructed by having 6 x 2-inch metal plates on each side of the backrest of the seat bolted down to the vehicle with approximately 2-inch bolts. The backrest to the rear seat was placed into its original position concealing the human being from view.

Senior Immigration Inspector (SRI) Lisette Guzman admonished defendant of his Miranda rights as witnessed by Senior Immigration Inspector William Schroder. Defendant elected to submit to questioning without benefit of counsel.

(1)

**Continuation of Probable Cause Statement:**
**Re: Jesus GONZALEZ**

SRI Guzman interviewed defendant and obtained a videotaped statement with the following declaration: Defendant acknowledged that the vehicle he was driving through the Otay Mesa Port of Entry contained a person concealed therein. Defendant said that yesterday he met a man (name unknown) at a friend's house in Tijuana. Defendant stated the man asked him if he could do him a favor and cross an undocumented alien into the United States from Mexico. Defendant agreed. Defendant stated he thought it might be exciting to smuggle an undocumented alien across the border. Defendant stated he was going to receive $50.00 dollars for gas to smuggle an undocumented alien into the United States. Defendant stated the man (name unknown) told him the person he was going to smuggle across the border would meet him at his friend's house the next morning.

Defendant stated that a young man appeared at his door the next morning telling him he was the one he was going to smuggle across the border. Defendant stated the young man told him he wanted to go to the United States. Defendant stated he told the young man to wait for him outside of the house. Defendant stated he then met with the boy outside and proceeded to walk towards his vehicle, Defendant stated he had to first unscrew the bolts that were attached to the rear seat so that the boy could get inside the compartment area. Defendant stated he then instructed the boy to get inside the compartment between the speaker box and back rear seat. Defendant stated he assisted the material witness inside of the compartment. Defendant stated he then proceeded to screw the two bolts back to the seat.

Defendant stated he was the owner of the vehicle and that he had purchased it approximately two months ago and paid $1,300.00 to a dealer. (Defendant could not provide name and location as to where he purchased the vehicle). Defendant stated he was going to register the vehicle into his name sometime this week. Defendant stated he was going to take the material witness to Inglewood, California.

The Material Witness was also interviewed. Material Witness claimed citizenship in Mexico by birth said country and that he has no legal right to entry. Material Witness stated he was enroute to Sacramento, California to establish residence. Material Witness implicated the defendant stating that the defendant was the one who concealed him in the vehicle. Material Witness stated his parents made all the arrangements for him to be smuggled into the United States and that they were going to pay approximately $2,000.00 upon his arrival in the United States.

Immigration records show that defendant was apprehended at the San Ysidro Port of Entry on or about February 6, 2003 for smuggling one undocumented alien between a speaker box and back seat of the vehicle he was driving. The undocumented alien was also a minor child.

(2)